UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TZIPORA GLICK,

                      Plaintiff,

      v.

CMRE FINANCIAL SERVICES, INC.,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/2022

21 CV 7456 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Tzipora Glick ("Plaintiff") brings this action against CMRE Financial Services, Inc. ("CMRE") alleging that CMRE used a third-party vendor to send her a letter in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Presently before the Court is CMRE's motion to dismiss the Complaint. (ECF No. 10.) For the following reasons, the motion is GRANTED.

## BACKGROUND

    The following facts are taken from Plaintiff's Complaint (ECF No. 1) and are accepted as true for purposes of this motion.

    Plaintiff incurred a medical bill that was sold to CMRE for collection. (Compl. ¶¶ 6-7.) In an attempt to collect the debt, CMRE used a third-party vendor to send Plaintiff a letter dated June 16, 2021. (*Id*. ¶¶ 8-9.) Defendant disclosed Plaintiff's personal information to the third-party vender, including the fact that Plaintiff owed a medical debt. (*Id*. ¶ 10.)

    Plaintiff filed the instant action on August 12, 2021 in the Supreme Court of the State of New York, County of Rockland. (*See id*.) CMRE removed the action to this Court on September 7, 2021. (*See id*.) On December 2, 2021, CMRE filed a motion to dismiss the complaint (ECF

1

No. 10), and Plaintiff filed a brief in opposition, (ECF No. 13.) On December 15, 2021, CMRE filed a notice of constitutional challenge to a federal statute pursuant to Federal Rule of Civil Procedure 5.1. (ECF No. 14.) The Court certified the constitutional challenge, allowing the United States to intervene. (ECF No. 17.) The United States filed a memorandum of law in support of the constitutionality of Section 1692c(b) on March 31, 2022 (ECF No. 18), and CMRE filed a response on April 7, 2022 (ECF No. 20.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

In her Complaint, Plaintiff alleges that CMRE violated Section 1692c(b) of the FDCPA. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To achieve this, the FDCPA imposes, "among other things, certain notice and timing requirements on efforts by 'debt collectors' to recover outstanding obligations." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 58 (2d Cir. 2004). Pursuant to Section 1692k of the FDCPA, "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person . . . ." 15 U.S.C. § 1692k. To state a claim under the FDCPA, a plaintiff must demonstrate that: (1) the plaintiff is a person who was the object of efforts to collect a consumer debt; (2) the defendant is a debt collector as defined in the statute; and (3) the defendant has engaged in an act or omission in violation of the FDCPA. *Cohen v. Ditech Fin. LLC*, 15-CV-6828, 2017 WL 1134723, at *3 (E.D.N.Y. Mar. 24, 2017).

> Section 1692c(b) states that
>
> without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). To allege a violation of Section 1692c(b), a plaintiff "must show that the defendants conveyed information about a debt to a third party, although she does not need to show that the defendants did so knowingly or intentionally." *Herrera v. Navient Corps.*, No. 19-CV-06583 (AMD) (VMS), 2020 U.S. Dist. LEXIS 122710, at *10 n.7 (E.D.N.Y. July 13, 2020).

As an initial matter, in its memorandum, the United States questioned Plaintiff's Article III standing as "several federal courts have found that allegations much like Plaintiff's are insufficient to give rise to Article III standing." (Memorandum in Support of the Constitutionality of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b) ("USA Mem.") ECF No. 18 at 7-8.) While CMRE did not explicitly discuss this issue in its papers, the Court will examine Plaintiff's standing *sua sponte*. *See, e.g., Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*.").

The Supreme Court has called the doctrine of standing "perhaps the most important" of the case-or-controversy doctrines placing limits on federal judicial power as it derives directly from the Constitution. *Allen v. Wright*, 468 U.S. 737, 750 (1984). The doctrine requires a plaintiff to have a "personal stake," in the outcome of the action. *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009). That is, a plaintiff must allege a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen*, 468 U.S. at 751.

"[T]he 'irreducible constitutional minimum' of standing consists of three elements[:] [t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992), and citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). The party seeking to invoke federal jurisdiction has the burden of establishing each element. *See Spokeo*, 136 S. Ct. at 1547; *Ali v. N.Y. City Envtl. Control Bd.*, No. 14-CV-00312 (SLT)(CLP), 2015 WL 728163, at *3 (E.D.N.Y. Nov. 16, 2015). On a motion to

dismiss, "the plaintiff has no evidentiary burden" and "[t]he task of the district court is to determine whether the [p]leading 'allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'" *Am. Bird Conservancy v. Harvey*, 232 F. Supp. 3d 292, 301 (E.D.N.Y. 2017) (citing *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016)).

Here, it is not clear that Plaintiff has satisfied the injury in fact requirement. To establish standing, the injury must be an injury in fact, meaning "an invasion of a legally protected interest which is (a) concrete and particularized. . . and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560 (citations and quotation marks omitted). Notably, the Supreme Court in *TransUnion LLC v. Ramirez*, 141. S. Ct. 2190, 2204 (2021), discussed intangible harms for standing purposes. Specifically, intangible harms that have "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts" may be concrete, including "reputational harms, disclosure of private information, and intrusion upon seclusion." *Id*. In regards to statutory harms, the Court held that "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III" and "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id*. at 2205 (emphasis in original).

As Plaintiff is alleging an intangible harm, he must demonstrate an injury that bears a close relationship to a harm traditionally recognized as providing a basis for a lawsuit. A similar suit was evaluated by Judge Seibel in *Sputz v. Alltran Fin., LP*, No. 21-CV-4663 (CS), 2021 WL 5772033, at *2 (S.D.N.Y. Dec. 5, 2021). In *Sputz*, the plaintiff alleged violation of FDCPA Section 1692c(b) after the defendant shared his information with an outside commercial mail house. *Id*.

at 1. To show standing, the plaintiff averred that the analogous harm was the public disclosure of private information. *Id*. at 3. Several states have an invasion of privacy tort (not including New York), which applies where a party "gives publicity to a matter concerning the private life of another where the matter publicized involves facts that (a) would be highly offensive to a reasonable person, and (b) [are] not of legitimate concern to the public." *Id*. (quoting Restatement (Second) of Torts § 652D) (internal quotation marks omitted). "Publicity . . . means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id*. Therefore, "it is not an invasion of the right of privacy . . . to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." *Id*. As the "transmission of [the plaintiff's] information to [the defendant's] letter vendor [did] not remotely rise to the level of 'publicizing' private information to the public at large" and "publicity is essential to liability in a suit for public disclosure of private facts", the court held that the plaintiff lacked standing to bring his suit. *Id*.

      Here, as in *Sputz*, it is clear that CMRE's alleged disclosure of Plaintiff's medical debt to a third party does not rise to the level of publicizing her private information. The Complaint does not allege that any person has actually read her information or that it was in any way provided to the public at large. *See Nyanjom v. NPAS Solutions, LLC*, No. 21-CV-1171-JAR-ADM, 2022 WL 168222, at *5 (D. Kan. Jan. 19, 2022) (holding the plaintiff failed to establish a concrete injury in fact as the disclosure of her medical debt with a third-party letter vendor was "not sufficiently analogous to an invasion of privacy"). Therefore, Plaintiff lacks standing.

## CONCLUSION

For the foregoing reasons, CMRE's motion to dismiss is GRANTED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 10 and to terminate the action.

Dated: July 6, 2022  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge